HELENA HOFFMAN, Appellant, v. JULIUS SHAD, Respondent.

Third Department, November 17, 1927.

Inns and innkeepers — guests — action for injuries suffered by guest when she fell on stairs — plaintiff claims that carpet was defective and that she caught her shoe in hole — doctrine of res ipsa loquitur not applicable — charge to jury fair and reasonable — evidence supports verdict in favor of defendant.

The plaintiff while walking down stairs in a hotel in which she was a guest, fell and suffered the injuries for which she is seeking compensation. The theory of the action is that the defendant was negligent in that there was a defect in the carpet on the stairs. There was no direct evidence that there was any defect in the carpet prior to the accident and there was little evidence that there was a defect in the carpet at the time of the accident.

The doctrine of res ipsa loquitur is not applicable.

It was not error for the court to charge that there was no direct evidence that the alleged defect existed prior to the time the accident happened, nor was it error for the court to refuse to charge on behalf of the plaintiff that notice of the existence of the defect could be inferred from the fact that it had been repaired or that an attempt had been made to repair it.

The charge of the court as a whole was fair and properly presented the question of fact to the jury and the evidence fully supports the verdict of the jury in favor of the defendant.

APPEAL by the plaintiff, Helena Hoffman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Greene on the 14th day of January, 1927, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of January, 1927, denying plaintiff's motion for a new trial made upon the minutes.

*Bertha Rembaugh*, for the appellant.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the respondent.

VAN KIRK, J. The appellant's grievance is confined to errors in the charge. The defendant is a hotelkeeper; the plaintiff became a guest of this hotel on the 2d of August, 1924. The following Tuesday evening, August fifth, while going down the main stairway, she fell, receiving the injuries of which she complains. She testifies that her heel seems to have caught in the carpet; she swayed and fell. She then saw no defect in the carpet, nor did she know the step from which she fell. The next morning her nephew examined this stairway. He says in one place he found the nap was worn and in another place that there was a hole in the carpet; that it

looked as though a piece of carpet had been put under the carpet at one place and the edges of the hole tacked down; that, at the front side of the hole and about an inch from the edge of the step, the edge of the carpet, or as expressed in another place, the threads of the carpet, seemed to be loose, though they laid flat.  The plaintiff had been traveling up and down those stairs from the second to the fifth of August without seeing any defect in the step.  When she went down these stairs two days after her fall, she saw no hole or defect in the carpet; she turned and saw some shiny nails on one step, but nothing more.  The defendant produced evidence which, if true, established that there was no defect.  The jury found for the defendant.  The charge generally was a fair presentation of the law and facts.  The trial justice instructed the jury that the burden of proving a cause of action rested upon the plaintiff and that she must prove that her injury was due to the neglect of the defendant. He left to the jury to determine what the real facts of the case were; saying that, if they found in accord with the defendant's testimony that there was no hole or worn spot in the carpet, they must find a verdict for the defendant.  On the other hand, if they found that the condition of the step on August fifth when she fell was as plaintiff claimed, the question for them would be: " Was the existence of that condition negligent, and was that negligence the cause of the plaintiff's injury and damage? "  He further charged that the defendant as a hotelkeeper was not an insurer of the safety of his guests, but the duty rested upon him to keep his hotel in a condition reasonably safe for the use of his guests and where his negligence in this respect was the proximate cause of the injury to his guests, he was liable therefor provided the guest at the time was in a place where he had a right to be and was reasonably expected to go; that " the ever abiding test of reasonable care required of him as a hotel keeper is the maintenance of such a condition of his premises as will safeguard a prudent and observing user thereof; " that a hotelkeeper was required only to guard against such dangers as would occur to a reasonably prudent man as likely to happen and as against such dangers " his duty was one of constant watchfulness for the proper and safe protection of his guests."  If a defect existed necessarily his duty was to exercise care to discover that defect in the carpet of the stairway and repair it.  " There is no direct proof in this case that this condition existed at the time of the accident, and if you find that it did, there is no proof as to the length of time it had existed prior to the accident.  There is no proof in this case, gentlemen, that the defendant knew of this defective condition prior to the accident, and no proof that this defective condition existed for such a length of time prior

Third Department, November, 1927.          [Vol. 221

to the accident that a prudent person in the exercise of reasonable care would have discovered it and repaired it."

The plaintiff presented a number of requests depending upon the doctrine of *res ipsa loquitur*. We do not think that doctrine has any application to the case; it is simply a rule of evidence in effect that the established circumstances may justify an inference. The defect, if it existed, was a defect susceptible of proof by any observing witness; it and its cause were not matters of inference; they were matters of direct proof and direct proof thereof was offered. Nor was the accident one which would not in the ordinary course happen if the defendant having charge had used ordinary care. It is not uncommon for a person to fall down stairs when there is no defect in the stairway or its covering. (See *Marceau v. Rutland R. R. Co.*, 211 N. Y. 203; *Francey v. Rutland R. R. Co.*, 222 id. 482; *Griffen v. Manice*, 166 id. 188.)

The plaintiff excepted to so much of the charge as stated in words or effect " that there was no evidence that this injury [probably defect] had existed prior to the time that the accident happened; " and she requested the court to charge that notice of the existence of the defect can be inferred by the jury from the fact of its having been repaired, or attempted to be repaired, which request the court declined and plaintiff excepted thereto. We think there was no prejudicial error either in this charge excepted to or in the refusal to charge as requested.

There was in fact no direct proof that any dangerous condition existed in this step until after the accident. Assuming that there had been a worn condition of the carpet, it had been repaired. There is no suggestion that any tack was loose, nor that any threads or edge of the carpet about this hole was loose until after the accident. As above stated, a person may fall on a stairway without any defect in a step thereof. A heel catches on the edge of the stair, or the carpet, and a person falls. For all the direct evidence in this case it may be that it was the plaintiff's heel which loosened the threads of the warp which the nephew says were loose, although they laid flat. It may be that an inference could be drawn that a person would be more likely to fall if there were a loose edge in the carpet than if there were not; and the court fairly submitted to the jury the question whether or not a dangerous condition did exist on this step at the time of the accident. But, if this were the fact, the jury must find it by inference and upon indirect, not direct, evidence. The request to charge that notice of the existence of a defect can be inferred by the jury is limited by the words, "from the fact of its having been repaired, or attempted to be repaired." This does not refer to repairs after the accident; there

were none so far as the record shows. The court did submit to the jury in substance whether or not a defect had existed sufficiently long so that it could be inferred that the defendant knew it; but there is no suggestion whatever that the repair, if made, was in any respect defective. It is not suggested when such repair was made. There is nothing to indicate that it was made shortly before the accident. If there was any defect which caused this fall, it was not one due to any repairs which may have been made, but due to an edge or thread of the carpet which had become loose after the repairs.

The charge of the court, taken as a whole, was a fair presentation to the jury of the case and the questions involved. I do not think the jury was misled by it. The result was justified by the record. The defendant's evidence tending to show that there was no defect in this carpet is in my view much more persuasive than plaintiff's evidence that there was a defect. It was a Brussels carpet; it had been used but one year and, unless it was a very poor carpet, it is doubtful that such a defect as the plaintiff describes would have been worn in the carpet; several witnesses, who must have known the truth about it, testified that there was no defect or worn place in the carpet.

The judgment should be affirmed, with costs.

CO CHRANE, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Judgment and order unanimously affirmed, with costs.